IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KENT H. PAYNE, Individually and as the Administrator of the Estate of JORDAN KENT PAYNE, and LESLIE KING-PAYNE, Individually, | Case No. 4:21-cv-00349 |
| Plaintiffs, | |
| vs. | **DEFENDANT JOHN WEAKLAND, JASON BARNES, AND MADISON COUNTY, IOWA'S BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO Fed.R.Civ.P. 12(c)** |
| JOHN WEAKLAND, JASON BARNES, and MADISON COUNTY, IOWA, | |
| Defendants and Crossclaimants, | |
| EYERLY-BALL COMMUNITY MENTAL HEALTH SERVICES, and SCOTT THOMAS, | |
| Defendants and Crossclaim Defendants. | |

COME NOW Defendants John Weakland, Jason Barnes, and Madison County, Iowa (the "Municipal Defendants"), and for their Brief Supporting their Motion for Partial Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c), state to the Court as follows:

## I. INTRODUCTION AND FACTS

Plaintiffs' complaint asserts a claim under 42 U.S.C. § 1983 and a corresponding *Monell* claim on behalf of all three Plaintiffs, Kent Payne, Leslie King-Payne, and the Estate of Jordan K. Payne. (*See* Complaint, Doc. 1, Counts I and II, paragraphs 97 through 105). Pursuant to the Courts' pretrial scheduling order, the deadline to amend pleadings was April 28, 2022. This motion for partial judgment on the pleadings pursuant to Rule 12(c) only seeks judgment on the

#3421368

constitutional claims and associated damages pled *individually* by Kent Payne and Leslie King-Payne, not those pled by Kent Payne as Administrator for the Estate of Jordan K. Payne[1].

## II. ARGUMENT

### A.  Rule 12(c) Motion for Judgment on the Pleadings

A party may bring a motion for judgment on the pleadings under Rule 12(c) after the pleadings are closed but early enough not to delay trial.   Fed.R.Civ.P. 12(c).   A grant of judgment on the pleadings is appropriate where no material issue of fact remains to be resolved and the movant is entitled to judgment as a matter of law.  *Rossley v. Drake Univ.*, 336 F. Supp. 3d 959, 962 (S.D. Iowa 2018), *aff'd,* 958 F.3d 679 (8th Cir. 2020).   When a party moves for dismissal for failure to state a claim pursuant to Rule 12(c), a court should apply the same standard it would have used had the motion been brought under Rule 12(b)(6).  *Id.*, *and see* 5C Charles A. Wright et al., *Federal Practice and Procedure* § 1367 (3d ed. 1998 & Supp. 2018) ("[T]he district court will apply the same standards for granting the appropriate relief or denying the motion as it would have employed had the motion been brought prior to the defendant's answer under [Rule 12(b)(6) ].").

### B.  Kent Payne and Leslie King-Payne, *Individually*, Do Not Have Standing to Sue for Alleged Constitutional Violations to Jordan K. Payne.

Counts I and II of the complaint assert claims on behalf of all three plaintiffs for constitutional violations allegedly suffered by the decedent, Jordan K. Payne, as well as a right to damages associated therewith.  The claims on behalf of Kent Payne and Leslie Payne *individually*

[1] The Municipal Defendants also have a pending partial motion for summary judgment of all Plaintiffs' claims under Count I and II on the failure to establish deliberate indifference and qualified immunity.  (*See* Doc. 42 and 43).  If Municipal Defendants' partial motion for summary judgment motion is granted, this motion would be moot.

fail as a matter of law. Only the Estate of Jordan Payne, through its administrator Kent Payne, can maintain a 42 U.S.C. § 1983 claim.

This is not merely careless pleading or an imagined controversy. Kent Payne and Leslie King-Payne are divorced and represented by different law firms. Kent Payne is the Administrator of the Estate of Jordan Payne. Leslie King-Payne is only suing for her individual claims (consortium). However, a review of the discovery answers provided by Kent H. Payne and by Leslie King-Payne demonstrates that both of their attorneys are claiming a right to recover attorney fees under 42 U.S.C. § 1983. (*See* Attached Exhibit A, Leslie King-Payne's Answer to Interrogatory 7(i), and Exhibit B, Kent H. Payne's Answer to Interrogatory Answer 11(i)). In other words, it appears that both of the law firms involved believe their individual clients can maintain a 42 U.S.C. § 1983 claim, and they each have a statutory claim to attorney's fees if successful, based on consortium alone. This is not a correct application of the law.

"An action under 42 U.S.C. § 1983 inures only to the benefit of one whose own constitutional rights were violated." *Cramblit v. Fikse*, 978 F.2d 1258 (6th Cir. 1992). *See also Coon v. Ledbetter*, 780 F.2d 1158 (5th Cir. 1986) (a bystander cannot recover or pursue a claim for witnessing violation of the civil rights of another); *Hall v. Wooten*, 506 F.2d 564 (6th Cir. 1974) (one cannot sue for the deprivation of the civil rights of another); *Pierce v. Stinson,* 493 F.Supp. 609 (E.D.Tenn.1979) (parents cannot maintain an action under 42 U.S.C. § 1983 for the alleged deprivation of their children's civil rights); *Tyler v. Ryan*, 419 F. Supp. 905, 906 (E.D. Mo. 1976) (one cannot sue for the violation of a civil rights of another); *Nathaniel v. Iowa Dep't of Hum. Servs.*, No. 4:05-CV-00044, 2005 WL 8157815, at *6 (S.D. Iowa Sept. 16, 2005)(same); and *Jackson v. Tennessee Dep't of Safety*, No. 3:05-CV-231, 2006 WL

8442915, at *2 (E.D. Tenn. Feb. 1, 2006) (a parent may not sue for a loss of loss of consortium

claim under 42 U.S.C. § 1983 when the alleged constitutional violation occurred to their child).

Because Kent H. Payne and Leslie King-Payne do not have an *individual* right to assert

constitution violations allegedly suffered by their son Jordan Payne, the pleadings fail to state a

claim upon which relief can be granted as to their *individual* claims in Count I and II.  Kent H.

Payne and Leslie King-Payne's *individual* claims asserting a right to recover under Counts I and

II must be dismissed.

WHEREFORE, Municipal Defendants move the court to grant this Motion for Partial

Judgment on the Pleadings, dismissing the constitutional claims and associated damages pled

*individually* by Kent Payne and Leslie King-Payne, including but not limited to a claim for

attorneys' fees under 42 U.S.C. § 1983, and for any other relief the Court deems appropriate

and just.

/s/ Michael C. Richards
Michael C. Richards, AT0010828
Katie E. Gral, AT0013357
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:   (515) 288-2500
Facsimile:    (515) 243-0654
Email: mike.richards@dentons.com
Email: katie.gral@dentons.com

ATTORNEYS FOR DEFENDANTS
JOHN WEAKLAND, JASON BARNES,
AND MADISON COUNTY, IOWA

Copies To:

Robert G. Rehkemper
Cory F. Gourley
GOURLEY, REHKEMPER,
& LINDHOLM, PLC
440 Fairway Drive, Suite 210
West Des Moines, IA 50266
Email: rgrehkemper@grllaw.com
Email: cfgourley@grllaw.com

ATTORNEYS FOR PLAINTIFF
KENT H. PAYNE, INDIVIDUALLY, AND
AS ADMINISTRATOR OF THE ESTATE
OF JORDAN KENT PAYNE

Paul J. Statler
STATLER LAW, P.L.L.C.
301 East Walnut Street, Suite 7
Des Moines, Iowa 50309
Email: paul@statlerlaw.net

ATTORNEYS FOR PLAINTIFF
LESLIE KING-PAYNE, INDIVIDUALLY

Jack Hilmes
Joseph F. Moser
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Email: jhilmes@finleylaw.com
Email: jmoser@finleylaw.com

ATTORNEYS FOR DEFENDANTS AND
CROSSCLAIM DEFENDANTS
EYERLY-BALL COMMUNITY MENTAL
HEALTH SERVICES, AND
SCOTT THOMAS

<table>
<tr><td colspan="2"><strong>PROOF OF SERVICE</strong></td></tr>
<tr><td colspan="2">The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 1, 2023, by:</td></tr>
<tr><td>☐ U.S. Mail<br>☐ Hand Delivered<br>☐ Email</td><td>FAX ☐<br>Overnight Courier ☐<br>CM/ECF ☒</td></tr>
<tr><td colspan="2">Signature:   /s/ Michael C. Richards</td></tr>
</table>