IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA
CENTRAL DIVISION

| | |
|---|---|
| KENT H. PAYNE, Individually and as the Administrator of the Estate of JORDAN KENT PAYNE, and LESLIE KING-PAYNE, Individually, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN WEAKLAND, JASON BARNES, and MADISON COUNTY, IOWA, <br><br> Defendants and Crossclaimants, <br><br> EYERLY-BALL COMMUNITY MENTAL HEALTH SERVICES, and SCOTT THOMAS, <br><br> Defendants and Crossclaim Defendants. | Case No. 4:21-cv-00349 <br><br> **DEFENDANT JOHN WEAKLAND, JASON BARNES, AND MADISON COUNTY, IOWA'S REPLY BRIEF IN SUPPORT OF THEIR MOTION FOR PARTIAL JUDGMENT ON THE PLEADINGS PURSUANT TO Fed.R.Civ.P. 12(c)** |

COME NOW Defendants John Weakland, Jason Barnes, and Madison County, Iowa (the "Municipal Defendants"), and for their Reply Brief in support of their Motion for Partial Judgment on the Pleadings pursuant to Fed.R.Civ.P. 12(c), state to the Court as follows:

1. *Andrews v. Neer* **does not support Plaintiffs' argument.**

Plaintiffs argue that Defendants have not cited any controlling Eighth Circuit authority in support of the argument that Kent Payne and Leslie King-Payne do not have a right to make an individual claim for their consortium damages under 42 U.S.C §1983. (Doc. No. 61-1, p. 3). Plaintiffs then go on to claim they do have such a right, and cite to *Andrews v. Neer*, 253, 1052 (8th Cir. 2001). This argument is based on an incorrect and incomplete reading of *Neer*. In fact,

*Neer* expressly supports Defendants' position that Plaintiffs do not have a right to make an individual claim for their consortium damages under §1983.

The first issue decided by the Court of Appeals in *Neer* was standing to sue. The injured party died before the lawsuit, and the appellate court addressed whether the decedent's claim could be pursued by his daughter on behalf of the decedent's estate. The defendant argued the lawsuit could not be pursued by the decedent's daughter on behalf of the estate because §1983 states the claims belong "to the party injured". *Id*. at 1056. The appellate court rejected the argument and found that the personal representative of the estate had standing to sue on behalf the decedent, as long as such a right was recognized by state law which is not inconsistent with federal law or the Constitution. *Id*. at 1056-57. The appellate court looked at the Missouri wrongful death statute and determined the decedent's daughter had standing. *Id*. at 1057-58.

Plaintiffs in the present case misinterpret this part of the *Neer* ruling and jump to the erroneous conclusion that because Kent Payne[1] and Leslie King-Payne have a claim for consortium damages under the Iowa survival statute, they also each have an individual claim for their consortium damages under §1983. (Doc. No. 61-1, p. 4). This conflates the principles of standing to sue under Iowa law and the right to recover consortium damages under §1983, which involve different legal concepts and standards. Also, a more complete review of *Neer* proves the Plaintiffs' argument is wrong and confirms that the Eighth Circuit does not allow a state wrongful death or survival statute to create a right to consortium claims under §1983. In fact, the ruling on the plaintiff's cross-appeal in *Neer* addressed this exact question.

---

[1] Plaintiffs also argue that Kent Payne has standing to sue for the Estate of Jordan Payne as the Administrator of the Estate. Defendants to do not dispute that Kent Payne has standing to sue as the Administrator on behalf of the Estate of Jordan Payne under Iowa law and 42 U.S.C §1983, and clearly stated this in the opening brief. Defendants only move to dismiss the *individual* claims for injury by Kent Payne and Leslie King-Payne brought under §1983.

The plaintiff in *Neer* cross-appealed and argued that the district court erred in vacating the damages that were awarded to her for her personal injuries she suffered as a result of the decedent's (her father) death. *Id*. at 1063. The plaintiff claimed that under 42 U.S.C §1983 family members should be allowed to assert claims and collect damages on their own behalf which are caused by the decedent's death. *Id*. The appellate court acknowledged a split in the circuits on this issue, noting the Tenth Circuit did not allow this, but the Fifth Circuit did allow it, and explained the rationale of each. *Id*. at 1063-64. The appellate court ultimately ruled that the Eighth Circuit would follow the approach of the Tenth Circuit, and would not allow an individual to recover for personal injuries suffered by the death of another under §1983. In so finding, the appellate court explained:

> Our careful consideration of the competing arguments on this issue leads us to conclude that the approach of the Tenth Circuit, as set forth in *Berry,* represents the correct assessment of the damages available in § 1983 death cases. As the court aptly explained in *Berry,* adoption of the approach *Andrews* advocates would "place into the hands of the state the decision as to allocation of the recovery in a § 1983 case, and, indeed, whether there can be any recovery at all." 900 F.2d at 1506. We believe that, by allowing the measure of damages in Andrews's suit to be entirely defined by the language of the Missouri wrongful death statute, we would impermissibly broaden the types of injuries for which Congress intended recovery to be available under § 1983's authorization of liability "to the party injured." 42 U.S.C. § 1983. Andrews did not bring a separate claim for injury to her own constitutional rights, nor did she pursue her supplemental state-law wrongful death claim. *See Westcott v. Crinklaw,* 133 F.3d 658, 660 (8th Cir.1998) (discussing and denying availability of loss of consortium damages in a § 1983 suit brought by personal representative of decedent's estate, noting that case was not pleaded as a wrongful death claim). She cannot shoehorn recovery available to her under such separate claims into the recovery she may receive under § 1983 for her father's injuries. Thus, we affirm the order of the District Court on Andrews's cross-appeal.

*Id.* at 1063–64.

The Eighth Circuit's position is consistent with Judge Pratt's similar finding in *Nathaniel v. Iowa Dep't of Hum. Servs.*, No. 4:05-cv-00044, 2005 WL 8157815 (S.D. Iowa Sept. 16, 2005)

3

which was cited in the opening brief. Plaintiffs made no attempt to differentiate Judge Pratt's ruling in their resistance.

In other words, the rational and ruling in *Neer* supports precisely the argument made by Defendants in this motion. Kent Payne is the right party to represent the estate of Jordan Payne's claims under §1983 – Defendants do not dispute this. And, Kent Payne and Leslie King-Payne each have a claim for consortium damages arising out of Jordan Payne's death under Iowa's survival statute – Defendants do not dispute this. However, Kent Payne and Leslie King-Payne do not have a claim under §1983 for their individual damages caused by Jordan Payne's death, and have no right to recover attorney's fees under §1983 for their consortium claims.

Finally, the Iowa survivorship statute and controlling authority regarding a right to bring and prosecute wrongful death claims confirms the accuracy of Defendants' argument. Plaintiff is wrong that Iowa law allows both Kent Payne and Leslie King-Payne to separately assert a wrongful death claim on behalf of Jordan Payne. "The right to recover wrongful-death damages in Iowa is vested exclusively in the estate representative, *and* the recovery belongs to the estate." *Roth v. Evangelical Lutheran Good Samaritan Soc.,* 886 N.W.2d 601, 608 (Iowa 2016) (emphasis in original) (citing Iowa Code § 611.22; *id.* § 633.336; *Troester v. Sisters of Mercy Health Corp.,* 328 N.W.2d 308, 312 (Iowa 1982)). "Wrongful-death damages are "damages the administrator of the estate can recover on behalf of the estate."" *Roth*, 886 N.W.2d at 608 (quoting *State v. Izzolena,* 609 N.W.2d 541, 546 n. 2 (Iowa 2000)). *See also Shook v. Crabb,* 281 N.W.2d 616, 617–18 (Iowa 1979) ("[T]he capacity of an estate to bring an action for wrongful death is contingent upon the capacity of the estate's decedent to bring the action had he or she survived."). In other words, Leslie King-Payne can assert a claim for damages from Jordan Payne's wrongful death through the estate, but technically she does not have a right to be a named plaintiff.

WHEREFORE, Defendants respectfully move the Court to grant this motion, and for any other relief the Court deems appropriate and just.

/s/ Michael C. Richards
Michael C. Richards, AT0010828
Katie E. Gral, AT0013357
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309-3993
Telephone:  (515) 288-2500
Facsimile:  (515) 243-0654
Email: mike.richards@dentons.com
Email: katie.gral@dentons.com

ATTORNEYS FOR DEFENDANTS
JOHN WEAKLAND, JASON BARNES,
AND MADISON COUNTY, IOWA

Copies To:

Robert G. Rehkemper
Cory F. Gourley
GOURLEY, REHKEMPER,
& LINDHOLM, PLC
440 Fairway Drive, Suite 210
West Des Moines, IA 50266
Email: rgrehkemper@grllaw.com
Email: cfgourley@grllaw.com

ATTORNEYS FOR PLAINTIFF
KENT H. PAYNE, INDIVIDUALLY, AND
AS ADMINISTRATOR OF THE ESTATE
OF JORDAN KENT PAYNE

Paul J. Statler
STATLER LAW, P.L.L.C.
301 East Walnut Street, Suite 7
Des Moines, Iowa 50309
Email: paul@statlerlaw.net

ATTORNEYS FOR PLAINTIFF
LESLIE KING-PAYNE, INDIVIDUALLY

Jack Hilmes
Joseph F. Moser
FINLEY LAW FIRM, P.C.
699 Walnut Street, Suite 1700
Des Moines, IA 50309
Email: jhilmes@finleylaw.com
Email: jmoser@finleylaw.com

ATTORNEYS FOR DEFENDANTS AND
CROSSCLAIM DEFENDANTS
EYERLY-BALL COMMUNITY MENTAL
HEALTH SERVICES, AND
SCOTT THOMAS

| PROOF OF SERVICE | |
|---|---|
| The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on March 22, 2023, by: | |
| ☐ U.S. Mail | FAX ☐ |
| ☐ Hand Delivered | Overnight Courier ☐ |
| ☐ Email | CM/ECF ☒ |
| Signature: /s/ Michael C. Richards | |