IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KENT H. PAYNE, Individually and as the Administrator of the Estate of JORDAN KENT PAYNE and LESLIE KING-PAYNE, <br><br> Plaintiffs, <br><br> vs. <br><br> JOHN WEAKLAND, JASON BARNES, MADISON COUNTY, IOWA, EYERLY-BALL COMMUNITY MENTAL HEALTH SERVICES and SCOTT THOMAS, <br><br> Defendants. | CASE NO. 4:21-cv-00349 <br><br> **DEFENDANTS EYERLY-BALL COMMUNITY MENTAL HEALTH SERVICES and SCOTT THOMAS'S MOTION FOR SUMMARY JUDGMENT** |

COME NOW the Defendants, Eyerly-Ball Community Mental Health Services ("Eyerly-Ball") and Scott Thomas ("Thomas"), pursuant to Federal Rule of Civil Procedure 56 and Local Rule 56, and for their Motion for Summary Judgment, state as follows:

1. This matter arises out of Jordan Payne's (hereinafter "Payne") June 12, 2020 death by suicide while serving a jail sentence at the Madison County Jail in Winterset, Iowa.

2. On March 29, 2024, this Court issued its Combined Order on Motions for Partial Summary Judgment, dismissing all of Plaintiffs' federal claims for "deliberate indifference." *See* Dkt. No. 87.

3. In the same order, this Court elected to retain supplemental jurisdiction over the remaining state law claims. *Id.*

1

4. Count IV of Plaintiffs' Complaint asserts a negligence claim against Scott Thomas. Count VI of Plaintiffs' Complaint asserts a wrongful death claim against Scott Thomas.

5. In addition to the negligence and wrongful death claims against Thomas, Count V of Plaintiffs' Complaint asserts a claim for "negligence and/or medical negligence and/or respondeat superior" against Eyerly-Ball.

6. Plaintiffs also seek punitive damages against Eyerly-Ball and Thomas.

7. The undisputed facts of this matter and the findings of fact and conclusions of law set forth in the Court's previous summary judgment ruling demonstrate that no genuine issue of material fact exists as to Plaintiffs' remaining state law claims.

## I. PLAINTIFFS CANNOT ESTABLISH THE DUTY ELEMENT OF THEIR CLAIMS OF NEGLIGENCE AND WRONGFUL DEATH AGAINST DEFENDANT SCOTT THOMAS

8. The undisputed facts show that Thomas owed no legal duty to prevent Payne's death by suicide.

9. As a Jail Diversion Case Manager and not a psychiatrist or mental health professional, Thomas had no duty to conduct a mental health evaluation or suicide risk assessment of Payne, and no corresponding duty to warn the jail staff of Payne's risk of suicide.

10. This conclusion is warranted by the limited relationship between Thomas as a Jail Diversion Case Manager and Payne as a jail inmate. *See McCormick v. Nikkel & Assocs., Inc.*, 819 N.W.2d 368, 371 (Iowa 2012) ("a lack of duty may be found if either

the relationship between the parties or public considerations warrants such a conclusion.").

11. Similarly, Thomas's failure to conduct a mental health evaluation or suicide risk assessment of Payne or to warn the jail staff of a suicide risk did not create a risk of physical harm to Payne given that another entity, ITP, was responsible for taking such actions. *See* Restatement (Third) of Torts: Phys. & Emot. Harm § 37 (2010) ("An actor whose conduct has not created a risk of physical . . . harm to another has no duty of care to the other . . .").

12. Further, Thomas had no duty to place Payne on suicide watch or under increased monitoring or supervision because he had no authority or control over Payne's level of supervision at the jail. *See Lukken v. Fleischer*, 962 N.W.2d 71, 77 (Iowa 2021) ("control remains an important consideration in whether a duty exists and liability normally follows control.").

13. Here, there is simply no evidence in the record that Thomas had any control over Payne's level of supervision at the jail or that he himself could have implemented any measures to increase Payne's supervision.

## II. PLAINTIFFS CANNOT ESTABLISH THE CAUSATION ELEMENT OF THEIR CLAIMS AGAINST THOMAS OR EYERLY-BALL

14. Plaintiffs cannot establish that any acts or omissions on the part of Thomas or Eyerly-Ball caused Payne's death by suicide.

15. First, Plaintiffs lack the requisite expert testimony to establish causation in this matter.

16. Whether a suicide is the result of the negligence of another party often presents a complex question that is beyond the understanding of the average layperson, thereby requiring expert testimony to establish a prima facie case. *See Mulhern v. Catholic Health Initiatives*, 799 N.W.2d 104, 123 (Iowa 2011).

17. None of Plaintiffs' experts have expressed an opinion establishing a causal connection between Eyerly-Ball and Thomas's conduct and Payne's suicide.

18. Further, Plaintiffs cannot establish beyond mere speculation and conjecture that but-for the acts or omissions of Eyerly-Ball or Thomas, Payne would not have committed suicide.

19. There is no evidence that any conduct on the part of Thomas would have caused the jail staff to act any differently, such as by placing Payne under additional supervision, especially given that the jail staff were already aware of Payne's suicide risk and the fact that Thomas had no authority to direct the jail staff to increase their monitoring of an inmate.

20. Similarly, there is no evidence that any type of increased monitoring or supervision implemented by the jail staff would have ultimately prevented Payne's suicide, especially in light of the fact that he committed suicide just ten minutes after going back to his cell following the screening interview with Thomas.

21. Because Plaintiffs' theory of causation against Thomas and Eyerly-Ball is based on mere possibilities rather than probabilities, Plaintiffs cannot establish a genuine issue of material fact on the element of causation. *See Chenoweth v. Flynn,* 99 N.W.2d 310, 313 (Iowa

1959) ("Mere possibility does not ordinarily generate a jury question, it leaves the jury to speculate upon a speculation.").

### III.  PLAINTIFFS CANNOT ESTABLISH THEIR CLAIMS OF NEGLIGENCE, MEDICAL NEGLIGENCE, AND RESPONDEAT SUPERIOR AGAINST DEFENDANT EYERLY-BALL

22.     First, Plaintiffs cannot establish a claim for "medical negligence" because neither Thomas nor Eyerly-Ball provided medical care or treatment to Payne and did not establish a patient-provider relationship with Payne.

23.     Second, Eyerly-Ball did not have a duty of ordinary care in negligence to assign a licensed, qualified mental health professional to conduct mental health evaluations or suicide risk assessments of inmates at the jail.

24.     Because Eyerly-Ball did not perform mental health evaluations or suicide risk assessments at the jail whatsoever, it had no duty to ensure that it provided licensed and qualified professionals to perform such services.

25.     Further, the record establishes that ITP, not Eyerly Ball, was responsible for providing services to jail inmates through licensed mental health professionals.

26.     Thus, the relationship between Eyerly-Ball and Payne warrants the conclusion that no such duty was owed. *See McCormick v. Nikkel & Assocs., Inc.*, 819 N.W.2d 368, 371 (Iowa 2012) ("a lack of duty may be found if either the relationship between the parties or public considerations warrants such a conclusion.").

27.     Third, Plaintiffs cannot establish that Eyerly-Ball was negligent for failing to properly supervise or train Thomas.

28. With respect to Plaintiffs negligent supervision claim, there is no evidence that Thomas was unfit to serve as a Jail Diversion Case Manager at the time of his allegedly tortious conduct or that Eyerly-Ball knew or should have known of his unfitness. *See Est. of Harris v. Papa John's Pizza*, 679 N.W.2d 673, 680 (Iowa 2004) (To prove negligent supervision, a plaintiff must show, among other things, that the employer knew, or in the exercise of ordinary care should have known, of its employee's unfitness at the time the employee engaged in wrongful or tortious conduct).

29. With respect to Plaintiffs' negligent training claim, there is no evidence in the record of the applicable standard of care with respect to training Jail Diversion Case Managers or that Eyery-Ball breached such a standard of care by failing to properly train Thomas for his position. *See Alcala v. Marriott Int'l, Inc.*, 880 N.W.2d 699, 708 (Iowa 2016) (holding that the plaintiff could not establish a negligent training claim where "[n]o expert or lay witness testified about *any* shortcoming in [defendant's] training or what training should be provided.").

## IV. PLAINTIFFS CANNOT ESTABLISH A CLAIM FOR PUNITIVE DAMAGES AGAINST THOMAS OR EYERLY-BALL

30. First, as discussed above, Plaintiffs have no valid underlying claim. Therefore, Plaintiffs cannot recover punitive damages in this matter. *See Scott v. Gen. Cas. Ins. Co.*, 662 N.W.2d 373, 2003 WL 288959, *5 (Iowa Ct. App. 2003) (a claim for punitive damages "do[es] not constitute an independent cause of action.").

31. Further, the Court's findings of fact and conclusions of law in determining that Eyerly-Ball and Thomas were not deliberately indifferent to Payne's risk of suicide and that their conduct was at most negligent dictates the conclusion that neither Thomas nor

Eyerly-Ball engaged in "willful and wanton" conduct warranting punitive damages. *See* Iowa Code § 668A.1(1)(a); *Kuta v. Newberg,* 600 N.W.2d 280, 288 (Iowa 1999).

**WHEREFORE**, for the foregoing reasons, Defendants Eyerly-Ball and Thomas respectfully request that the Court grant their Motion for Summary Judgment and dismiss Counts IV, V, and VI of Plaintiffs' Petition, as well as grant any additional relief the Court deems just and proper.

                                             */s/ Joseph F. Moser*
                                            Jack Hilmes               (AT0003523)
                                            Joseph F. Moser       (AT0011413)
                                            FINLEY LAW FIRM, P.C.
                                            699 Walnut Street, Suite 1700
                                            Des Moines, IA  50309
                                            Telephone:  (515) 288-0145
                                            Fax:  (515) 288-2724
                                            E-mail:  jhilmes@finleylaw.com
                                                               jmoser@finleylaw.com
                                            ATTORNEYS FOR DEFENDANTS
                                            EYERLY-BALL COMMUNITY MENTAL
                                            HEALTH SERVICES and SCOTT THOMAS

Original filed.

Copy to:

Robert G. Rehkemper
Cory F. Gourley
440 Fairway Drive, Suite 210
West Des Moines, IA 50266
Telephone: (515) 226-0500
Email: rgrehkemper@grllaw.com
cfgourley@grllaw.com

Paul J. Statler
301 East Walnut Street, Suite 7
Des Moines, Iowa 50309
Telephone: 515.288.
Email: paul@statlerlaw.net

ATTORNEYS FOR PLAINTIFFS

Michael C. Richards
Katie E. Anderegg
DENTONS DAVIS BROWN PC
215 10th Street, Suite 1300
Des Moines, Iowa 50309
Telephone: (515) 288-2500
Fax: (515) 243-0654
Email: mike.richards@dentons.com
Email: katie.anderegg@dentons.com
ATTORNEYS FOR DEFENDANTS
JOHN WEAKLAND, JASON BARNES,
AND MADISON COUNTY, IOWA

### CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true copy of the foregoing instrument was served upon one of the attorneys of record for all parties to the above-entitled cause by serving the same on such attorney at his/her respective address/fax number as disclosed by the pleadings of record herein, on June 24, 2024 by:

☐ U.S. Mail            ☐ FAX
☐ Hand Delivered       ☐ UPS
☐ Federal Express      ☒ Electronic Filing
☐ Other _____

*/s/ Joseph F. Moser* _____