N THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF IOWA

| | |
|---|---|
| KENT H. PAYNE, Individually and as the Administrator of the Estate of JORDAN KENT PAYNE, and LESLIE KING-PAYNE, Individually,<br><br>Plaintiffs,<br><br>vs.<br><br>EYERLY-BALL COMMUNITY MENTAL HEALTH SERVICES and SCOTT THOMAS,<br><br>Defendants. | Case No. 4:21-cv-00349<br><br>JOINT STATUS REPORT |

COME NOW the parties, in accordance with the Court's Text Order of August 3, 2026 [Dkt. No. 131], and provide the following Status Report:

**Procedural Background**

1. This matter arises out of Jordan Payne's (hereinafter "Payne") June 12, 2020 death by suicide while serving a jail sentence at the Madison County Jail in Winterset, Iowa. *See* Dkt. No. 1, Complaint.

2. Suit was filed November 8, 2021. *Id.*

3. The discovery deadline closed on March 1, 2023. Dkt. No. 41.

4. On March 29, 2024, this Court issued its Combined Order on Motions for Partial Summary Judgment, dismissing all of Plaintiffs' federal claims for "deliberate indifference." *See* Dkt. No. 87. In the same order, this Court elected to retain supplemental jurisdiction over the remaining state law claim. *Id.*

5. These Defendants filed a subsequent Motion for Summary Judgment, in which they argued that Plaintiffs cannot establish the elements of duty and causation with respect to their negligence and wrongful death claims, Plaintiffs cannot establish a claim based on negligent supervision or training, and Plaintiffs cannot establish a claim for punitive damages. *See* Dkt. No. 98.

6. Given the dispositive nature of the Court's order dismissing the case in its entirety, the Court's Order did not reach or address Defendants' arguments with respect to causation and punitive damages. *Id*.

7. On August 23, 2024, Settling Parties affiliated with the Madison County Jail, John Weakland, Jason Barnes, and Madison County, Iowa, were dismissed. Dkt. No. 107.

8. On October 25, 2024, the Court granted Defendants' Motion for Summary Judgment. In doing so, the Court held that neither Eyerly-Ball nor Thomas owed Payne a duty of care as a matter of law and that Plaintiffs cannot generate a material fact on their claim for negligent training and supervision. *See* Dkt. No. 108.

9. Plaintiffs appealed on October 31, 2024. Dkt. No. 110.

10. On January 7, 2026, the Eighth Circuit Court of Appeals rendered its judgment, which held that there are genuine issues of material fact as to whether Eyerly-Ball and Thomas owed Payne a duty of care based on an undertaking. *See* Dkt. No. 114 (Opinion/Judgment of USCA); *Payne v. Eyerly-Ball Cmty. Mental Health Servs.*, 163 F.4th 1109 (8th Cir. 2026).

11. A mandate issued on February 5, 2026. Dkt. No. 115.

12. Defendants have filed a renewed Motion for Summary Judgment which has been pending before this court since May 21, 2026. Dkt. No. 117-129.

**Current Trial Ready Status**

13. Defendants request a ruling on said issues prior to this matter being ready for trial.
14. Given that more than three years have passed since discovery initially closed in this matter, Defendants request a brief and limited reopening of discovery, requiring the parties to supplement written discovery requests and permitting Defendants an opportunity to re-depose Plaintiffs as to developments impacting their lives and damage claims over the more than three years since they were last deposed. Defendants contend this is necessary to avoid surprise claims and developments at trial.
15. Plaintiffs agree with permitting additional discovery and requiring supplementation of discovery. Plaintiffs seek a broader reopening than that requested by Defendants, including to depose new or additional individuals affiliated with Defendant Eyerly-Ball. Defendants object to Plaintiffs' request to depose new witnesses.
16. Defendants request the Court refrain from setting a trial date until such time as it has ruled on Defendants' Renewed Motion for Summary Judgment. Should Defendants' Motion be granted in part or denied, Defendants request that the Court set a trial date that will provide several months for limited discovery before trial.
17. Plaintiffs request a trial date be set with new deadlines based upon the trial date.

Respectfully Submitted,

GOURLEY, REHKEMPER,
& LINDHOLM, P.L.C.
By: /s/ Robert Rehkemper

Robert G. Rehkemper, AT0006553
Cory F. Gourley, AT0002966
440 Fairway Drive, Suite 210
West Des Moines, IA 50266
Telephone No.: (515)-226-0500
Email: rgrehkemper@grllaw.com
Email: cfgourley@grllaw.com
ATTORNEYS FOR PLAINTIFF KENT H. PAYNE, INDIVIDUALLY, AND AS ADMINISTRATOR OF THE ESTATE OF JORDAN KENT PAYNE

Copies to:

Paul J. Statler
Statler Law, P.L.L.C.
301 East Walnut Street, Suite 7
Des Moines, Iowa 50309
Email: paul@statlerlaw.net
ATTORNEY FOR PLAINTIFF
LESLIE KING-PAYNE, INDIVIDUALLY

Jack Hilmes
Eric P. Bergeland
Joseph F. Moser
Peter R. Lapointe
Finley Law Firm, PC
699 Walnut Street, Suite 1700
Des Moines, IA 50309
jhilmes@finleylaw.com
ebergeland@finleylaw.com
jmoser@finleylaw.com
plapointe@finleylaw.com
ATTORNEYS FOR SCOTT THOMAS
& EYERLY-BALL COMMUNITY
MENTAL HEALTH SERVICES

CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing instrument was served upon all parties to the above cause to each of the attorneys of record herein at their respective addresses disclosed on the pleadings on October 22, 2026

By:
- ☐ U.S. Mail
- ☐ Hand Delivered
- ☐ Certified Mail
- ☐ FAX
- ☐ Overnight Courier
- ☒ E-Filed

Signature: /s/ Jackie Phelps